**BRUCE MILLAR and DOUGLAS MILLAR**

v.

**GAR W. YATES**

Civil No. 243-1968

District Court of the Virgin Islands

Div. of St. Croix

March 26, 1969

*See, also, 6 V.I. 525*

 

BROWN & BRYANT, ESQS., *for plaintiff*

YOUNG, ISHERWOOD, GIBBS & CARNEY, ESQS., *for defendant*

MARIS, *Circuit Judge*

OPINION

MARIS, *Circuit Judge*

This is an appeal from a judgment of the Municipal Court in favor of the defendant on his counterclaim in the plaintiffs' action for recovery of a broker's commission on the rental of real estate [6 V.I. 525]. The basic facts as found by the Municipal Court are that the plaintiffs acted as agents for the defendant in securing a tenant for his dwelling house at Estate Mont Pellier, St. Croix, for periods of several months each during the winter seasons of 1963, 1964, 1965 and 1966 at $1,100.00 per month. For the first rental, for the months of January, February and March 1963 a written lease was executed which contained a clause reciting that the defendant recognized the plaintiffs, and Mary Millar, as the sole brokers who brought about the lease "and Landlord agrees to pay them standard commission for it or any extension or renewal by said Tenant".[1] The Municipal Court found that

---

[1] A renewal clause in the lease operated to make this provision applicable to the succeeding years' rentals to the same tenant.

288

the standard commission referred to is set out in the "Minimum Commission Rates" promulgated by the St. Croix and Virgin Islands Boards of Realtors in November 1962 as follows:

"RENTALS
　　10% of the first year's rental
　　5% next four years"

The defendant paid commission on the rentals at the rate of 10% during each year up to and including the month of January 1966. For the final months of February and March 1966 he tendered payments at the rate of 5% which the plaintiffs refused. The present suit was brought by them to recover commissions at 10% for those two months, amounting to $220.00.

It appears that the defendant on November 12, 1964 wrote the plaintiffs that he thought the commission should be reduced to 5% after the first year as provided by the "Minimum Commission Rates" of the Boards of Realtors. The plaintiffs did not agree and as I have said the defendant continued to pay commission at the rate of 10% up to and including January 1966, which was the twelfth month of actual cumulative occupancy by the tenant which the plaintiffs had secured for the defendant. The counterclaim filed by the defendant seeks to recover the excess paid over a 5% commission, amounting to $440.00. Concluding that the defendant was liable for commission at the rate of 10% during the first calendar year of rental only and for no more than 5% thereafter, the Municipal Court entered judgment on the counterclaim in favor of the defendant for $440.00 with costs and a counsel fee of $40.00. 6 V.I. 525.

It is quite clear, as the Municipal Court found, that the "standard commission" which the defendant agreed to pay the plaintiff was intended to be the rate of com-

mission set out in the schedule of Minimum Commission Rates adopted by the Boards of Realtors. That rate was 10% of the first year's rental and 5% of the next four years. The question remains, however, as to what is comprehended by the word "year" in this setting. Does it mean a series of twelve successive but not necessarily consecutive months which might cover several calendar years or does it refer to a calendar year of twelve successive months, during only a part of which a tenancy may have been in effect. The Municipal Court in its well reasoned opinion concluded that a calendar year was meant, and I fully agree with its reasoning and conclusion. Certainly this is the common meaning of the term and it must have been the meaning intended, in the absence of qualifying language. See Annotation to Board of Education v. Raubinger, 1963, 78 N.J. Super. 90, 187 A.2d 614, 5ALR3d 575. It follows that the plaintiffs were entitled to commission at the rate of 10% on rentals received for the period during which the property was rented during the calendar year beginning January 1, 1963. These were January, February, March and also the last half of December, which was the beginning of the second rental. In framing its judgment the Municipal Court failed to allow the plaintiffs commission at the rate of 10% for this final half month of the first calendar year of rental. Accordingly, the judgment for the defendant must be modified by reducing it from $440.00 to $412.50. As so modified it will be affirmed.